Rowena Santos (SBN 210185)
rsantos@slpattorney.com
**Strategic Legal Practices**
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile:  (310) 943-3838

Attorneys for Plaintiff
EVELYN REINPRECHT

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN REINPRECHT, | Case No.: 5:17-cv-05900-BLF |
| Plaintiff, | Assigned to the Honorable Beth Labson Freeman |
| vs. | |
| FORD MOTOR COMPANY, TRACY FORD, and DOES 1 through 10, inclusive, | **FIRST AMENDED COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS** |
| Defendants. | JURY TRIAL DEMANDED |

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

**FIRST AMENDED COMPLAINT**

1    Plaintiff EVELYN REINPRECHT ("Plaintiff") allege as follows:

2                                    **JURISDICTION**

3    1.    Plaintiff contends that as of this First Amended Complaint, this

4    Court does not have jurisdiction over this matter.

5                                      **PARTIES**

6    2.    Plaintiff is a resident of Antioch, California.

7    3.    As used in this First Amended Complaint, the word "Defendants"

8    shall refer to all Defendants named in this First Amended Complaint.

9    4.    Defendant Ford Motor Company ("Defendant Ford") is a

10   corporation organized and in existence under the laws of the State of Delaware

11   with a principal place of business in Palo Alto, California and registered with the

12   California Department of Corporations to conduct business in California.  At all

13   times relevant herein, Defendant Ford was engaged in the business of designing,

14   manufacturing, constructing, assembling, marketing, distributing, and selling

15   automobiles and other motor vehicles and motor vehicle components in Santa

16   Clara County.

17   5.    Defendant TRACY FORD is a corporation organized and in

18   existence under the laws of the State of California, with a principal place of

19   business in the State of California.  At all times relevant herein, Defendant

20   TRACY FORD was engaged in the business of selling automobiles and

21   automobile components, and servicing and repairing automobiles in Tracy,

22   California.

23   6.    Plaintiff is ignorant of the true names and capacities of the

24   Defendants sued under the fictitious names DOES 1 to 10. They are sued

25   pursuant to Code of Civil Procedure § 474.  When Plaintiff becomes aware of the

26   true names and capacities of the Defendants sued as DOES 1 to 10, Plaintiff will

27   amend this First Amended Complaint to state their true names and capacities.

28

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

---
1
**FIRST AMENDED COMPLAINT**

**TOLLING OF THE STATUTES OF LIMITATION**

7.    To the extent there are any statutes of limitation applicable to Plaintiff's claims—including, without limitation, her express warranty, implied warranty, and fraudulent omission claims—the running of the limitation periods have been tolled by the *American Pipe* rule, discovery rule, fraudulent concealment rule, equitable tolling, equitable estoppel, and/or repair rule.

**A.    Any Applicable Limitations Periods Have Been Tolled Under the *American Pipe* Rule**

8.    Under the tolling rule articulated in *American Pipe*, a statute of limitations is tolled during that time in which a class action, of which the plaintiff is a potential member, is awaiting certification that is ultimately denied. *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974).

9.    Any statutes of limitation here were—and continue to be—tolled by the filing of the *Vargas v. Ford Motor Company* (C.D. Cal. No. 2:12-cv-08388) class action on September 28, 2012. *See San Francisco USD v. WR Grace*, 37 Cal. App. 4th 1318, 1337-38 (1995) [limitations period tolled during the period plaintiff was a member of a class of plaintiffs in a federal asbestos class action]; *Becker v. McMillin Construction Co.*, 226 Cal. App. 3d 1493, 1495 (1991) [concluding that trial court correctly applied *American Pipe* tolling in finding that individual action was tolled by pendency of a related class action].

10.    The *American Pipe* rule applies to Plaintiff's express warranty, implied warranty, and fraudulent omission claims because (i) they are the same or similar to the express warranty, implied warranty, and fraudulent omission claims alleged in the *Vargas* action; (ii) Plaintiff is a member of the putative *Vargas* Class; (iii) in light of the similarity between Plaintiff's claims and the claims in *Vargas*, the *Vargas* action placed Defendants on notice of Plaintiff's express warranty, implied warranty, and fraudulent omission claims.

**FIRST AMENDED COMPLAINT**

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

11.    The original complaint in *Vargas*, filed on September 28, 2012, as well as the first amended complaint and second amended (and operative) complaint, allege that 2011 through 2013 Ford Fiesta and 2012 through 2013 Ford Focus vehicles manufactured, distributed, and sold by Ford Motor Company suffer from a defect in their dual clutch transmissions that causes, among other problems, transmission slips, bucking, kicking, jerking, harsh engagement, premature internal wear, sudden acceleration, delay in downshifts, delayed acceleration, and difficulty stopping the vehicle (referred to by the *Vargas* complaints as the "Transmission Defect"). (*See, e.g.*, *Vargas* SAC at ¶¶ 1, 10.)[1]    The complaints also allege that the Transmission Defect presents a safety hazard because the lurching, delayed acceleration, and sudden loss of forward propulsion caused by the defect severely affect the driver's ability to control the car's speed, acceleration, and deceleration, making it difficult to safely merge into traffic, downshift, or even decelerate when the brakes are depressed. (*See, e.g.*, *id.* ¶ 11.) The complaints also allege that Ford knew of the defect through its exclusive knowledge of non-public internal data (including pre-release testing data; early consumer complaints about the Transmission Defect to Ford's Tracy Fords who are their agents for vehicle repairs; Tracy Ford dealership repair orders; testing conducted in response to those complaints; technical service bulletins; the existence of the defect in the substantially identical European and Australian model vehicles; and other internal sources), but actively concealed and failed to disclose the defect to plaintiffs and putative class members at the time of purchase or lease and thereafter. (*See, e.g.*, *id.* ¶ 14.) The complaints then allege that Ford engaged in a fraudulent omission (under the Consumers Legal Remedies Act and Unfair Competition Law, among others) by failing to disclose the Transmission Defect, a material fact, from plaintiffs and the putative class members. (*See, e.g.*, *id.* ¶¶ 128-159.) Further,

STRATEGIC LEGAL PRACTICES, APC
840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

---

[1] A copy of the *Vargas* operative complaint is attached as Exhibit 1 hereto.

**FIRST AMENDED COMPLAINT**

1   the complaints allege that Ford breached the implied warranty (under the Song-

2   Beverly Consumer Warranty Act) and the express warranty.  (*See, e.g.*, *id.* ¶¶

3   160-176)

4       12.    Plaintiff is a member of the putative *Vargas* Class, which has not yet

5   been certified.  The *Vargas* Class is defined as "[a]ll individuals in the United

6   States who purchased or leased any 2011 through 2014 Ford Fiesta or 2012

7   through 2013 Ford Focus vehicles equipped with a PowerShift Transmission."

8   (*See Vargas* SAC ¶ 115.)  Plaintiff is an individual in the United States who

9   purchased a 2013 Ford Focus vehicle equipped with a PowerShift Transmission.

10  (*See* ¶¶ 18, 55, *infra*.)

11  **B.    Plaintiff's Claims are Tolled By the Delayed Discovery Rule,**

12  **Fraudulent Concealment Rule, and Equitable Estoppel Rule**

13      13.    Plaintiff did not learn of Defendant Ford's acts of concealment and

14  failure to disclose the material facts regarding the subject vehicle as alleged

15  herein until shortly before filing the original complaint.

16      14.    Further, the running of any limitations period applicable to

17  Plaintiff's fraudulent omission claim continues to be tolled because Defendant

18  Ford continues to deny the existence of the transmission defects and its duty to

19  disclose it to consumers.

20      15.    Defendant Ford is also equitably estopped from relying on any

21  statute of limitation because of its concealment of the defective nature of the

22  Vehicle and its transmission.

23              **FIRST CAUSE OF ACTION**

24          **BY PLAINTIFF AGAINST DEFENDANT FORD**

25  **VIOLATION OF SUBDIVISION (D) OF CIVIL CODE SECTION 1793.2**

26      16.    Plaintiff incorporates by reference the allegations contained in the

27  paragraphs set forth above.

28

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

**FIRST AMENDED COMPLAINT**

17.    In or around February of 2013, Plaintiff purchased from Defendant TRACY FORD, a 2013 Ford Focus vehicle identification number 1FADP3K25DL235761, (hereafter "Vehicle"), which was manufactured and/or distributed by Defendant Ford.  The Vehicle was purchased or used primarily for personal, family, or household purposes.  Plaintiff purchased the Vehicle from a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

18.    In connection with the purchase, Plaintiff received an express written warranty in which Defendant Ford undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time.  The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant Ford's representative and the Vehicle would be repaired.

19.    During the warranty period, the Vehicle contained or developed defects, including but not limited to: defects relating to the Vehicle's transmission; defects causing the Vehicle to jerk on acceleration; defects causing the transmission to shift erratically; defects causing the transmission to have a rough shift; defects requiring replacement of the transmission control module; defects requiring reprogramming of the TCM; defects requiring reprogramming of the PCM; defects requiring replacement of the Vehicle's clutch; and defects relating to Vehicle's clutch (collectively "Defects"). Said Defects substantially impair the use, value, or safety of the Vehicle.

20.    Defendant Ford and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities.  Despite this fact, Defendant Ford failed to promptly replace the Vehicle or make restitution to Plaintiff as required

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

**FIRST AMENDED COMPLAINT**

by Civil Code § 1793.2, subdivision (d) and Civil Code § 1793.1, subdivision (a)(2).

21.    Plaintiff has been damaged by Defendant Ford's failure to comply with its obligations pursuant to Civil Code § 1793.2, subdivision (d) and Civil Code § 1793.1, subdivision (a)(2), and therefore brings this cause of action pursuant to Civil Code § 1794.

22.    Plaintiff suffered damages in a sum to be proven at trial that exceeds $25,000.

23.    Defendant Ford's failure to comply with its obligations under Civil Code § 1793.2, subdivision (d) was willful, in that Defendant Ford and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant Ford failed and refused to promptly replace the Vehicle or make restitution.  Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794, subdivision (c).

24.    Defendant Ford does not maintain a qualified third-party dispute resolution process which substantially complies with Civil Code § 1793.22. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794, subdivision (e).

25.    Plaintiff seeks civil penalties pursuant to Civil Code § 1794, subdivisions (c), and (e) in the alternative and does not seek to cumulate civil penalties, as provided in Civil Code § 1794, subdivision (f).

**SECOND CAUSE OF ACTION**

**BY PLAINTIFF AGAINST DEFENDANT FORD**

**VIOLATION OF SUBDIVISION (B) OF CIVIL CODE SECTION 1793.2**

26.    Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

**FIRST AMENDED COMPLAINT**

27.    Although Plaintiff presented the Vehicle to Defendant Ford's representative in this state, Defendant Ford and its representative failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code § 1793.2, subdivision (b).  Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

28.    Plaintiff has been damaged by Defendant Ford's failure to comply with its obligations pursuant to Civil Code § 1793.2(b), and therefore brings this Cause of Action pursuant to Civil Code § 1794.

29.    Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle, and has exercised a right to cancel the purchase.  By serving this First Amended Complaint, Plaintiff does so again.  Accordingly, Plaintiff seeks the remedies provided in Civil Code § 1794(b)(1), including the entire contract price.  In the alternative, Plaintiff seeks the remedies set forth in Civil Code § 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects.  Plaintiff believes that, at the present time, the Vehicle's value is *de minimis*.

30.    Defendant Ford's failure to comply with its obligations under Civil Code § 1793.2(b) was willful, in that Defendant Ford and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(c).

//

//

//

//

//

Strategic Legal Practices, APC
1840 Century Park East, Suite 430, Los Angeles, CA 90067

7

**FIRST AMENDED COMPLAINT**

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**THIRD CAUSE OF ACTION**

**BY PLAINTIFF AGAINST DEFENDANT FORD**

**VIOLATION OF SUBDIVISION (A)(3) OF CIVIL CODE SECTION 1793.2**

31.    Plaintiff incorporates by reference the allegations contained in paragraphs set forth above.

32.    In violation of Civil Code § 1793.2, subdivision (a)(3), Defendant Ford failed to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period.  Plaintiff has been damaged by Defendant Ford's failure to comply with its obligations pursuant to Civil Code § 1793.2(a)(3), and therefore brings this Cause of Action pursuant to Civil Code § 1794.

33.    Defendant Ford's failure to comply with its obligations under Civil Code § 1793.2, subdivision (a)(3) was wilful, in that Defendant Ford knew of its obligation to provide literature and replacement parts sufficient to allow its repair facilities to effect repairs during the warranty period, yet Defendant Ford failed to take any action to correct its failure to comply with the law. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(c).

**FOURTH CAUSE OF ACTION**

**BY PLAINTIFF AGAINST DEFENDANT FORD**

**BREACH OF EXPRESS WRITTEN WARRANTY**

**(CIV. CODE, § 1791.2, SUBD. (a); § 1794)**

34.    Plaintiff incorporates by reference the allegations contained in paragraphs set forth above.

35.    In accordance with Defendant Ford's warranty, Plaintiff delivered the Vehicle to Defendant Ford's representative in this state to perform warranty repairs.  Plaintiff did so within a reasonable time.  Each time Plaintiff delivered

**FIRST AMENDED COMPLAINT**

the Vehicle, Plaintiff notified Defendant Ford and its representative of the characteristics of the Defects.  However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

36.     Plaintiff has been damaged by Defendant Ford's failure to comply with its obligations under the express warranty, and therefore brings this Cause of Action pursuant to Civil Code § 1794.

37.     Defendant Ford's failure to comply with its obligations under the express warranty was willful, in that Defendant Ford and its authorized representative were aware that they were obligated to repair the Defects, but they intentionally refused to do so.  Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(c).

## FIFTH CAUSE OF ACTION

## BY PLAINTIFF AGAINST DEFENDANT FORD AND DEFENDANT TRACY FORD

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY (CIV. CODE, § 1791.1; § 1794)

38.     Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

39.     Pursuant to Civil Code § 1792, the sale of the Vehicle was accompanied by the implied warranty of merchantability by Defendant Ford and Defendant Tracy Ford.  Pursuant to Civil Code § 1791.1, the duration of the implied warranty is coextensive in duration with the duration of the express written warranty, except that the duration is not to exceed one-year.

40.     Pursuant to Civil Code § 1791.1 (a), the implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements:  (1) the Vehicle will pass without objection in the trade under the contract description; (2) the Vehicle is fit for the ordinary purposes for which such goods are used; (3) the Vehicle is adequately contained,

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

9

packaged, and labelled; and (4) the Vehicle will conform to the promises or affirmations of fact made on the container or label.

41.     At the time of purchase, or within one-year thereafter, the Vehicle contained or developed the Defects set forth above. The existence of each of these Defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labelled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

42.     Plaintiff has been damaged by Defendant Ford's and Defendant Tracy Ford's failure to comply with their respective obligations under the implied warranty, and therefore brings this Cause of Action pursuant to Civil Code § 1794.

## SIXTH CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT FORD
## FRAUD BY OMISSION

43.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

44.     Plaintiff purchased the Vehicle as manufactured with Defendant Ford's dual clutch transmission (also known as "DPS6" or "Power Shift 6 Transmission").

45.     Defendant Ford committed fraud by allowing the Vehicle to be sold to Plaintiff without disclosing that the Vehicle and its DPS6 transmission was defective and susceptible to sudden and premature failure.

46.     In particular, Plaintiff is informed, believes, and thereon alleges that prior to Plaintiff acquiring the Vehicle, Defendant Ford was well aware and knew that the DPS6 transmission installed on the Vehicle was defective but failed to

STRATEGIC LEGAL PRACTICES, APC
8840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

disclose this fact to Plaintiff at the time of sale and thereafter. [2]

47.     Specifically, Defendant Ford knew (or should have known) that the DPS6 transmission had one or more defects that can result in various problems, including, but not limited to, sudden acceleration, delayed acceleration, hesitation on acceleration, jerking, shuddering on acceleration, lack of power, delayed in downshifts, transmission fluid leaks, and/or premature wear of the internal components ("transmission defect"). These conditions present a safety hazard and are unreasonably dangerous to consumers because they can suddenly and unexpectedly affect the driver's ability to control the vehicle's speed, acceleration, and deceleration.

48.     Plaintiff is informed, believes and thereon alleges that Defendant Ford acquired its knowledge of the transmission defects prior to Plaintiff acquiring the Vehicle, through sources not available to consumers such as Plaintiff, including but not limited to, pre-production and post-production testing data, early consumer complaints about the transmission defects made directly to Defendant Ford and its network of Tracy Fords, aggregate warranty data compiled from Defendant Ford's network of Tracy Fords, testing conducted by Defendant Ford in response to these complaints, as well as warranty repair and part replacements data received by Defendant Ford from Defendant Ford's network of Tracy Fords, amongst other sources of internal information.

49.     Plaintiff is informed, believes, and thereon alleges that while Defendant Ford knew about the transmission defects, and its safety risks since 2011, if not before, Defendant Ford nevertheless concealed and failed to disclose the defective nature of the Vehicle and its DPS6 transmission to Plaintiff at the time of sale and thereafter.  Had Plaintiff known that the Vehicle suffered from the transmission defect, he would not have purchased the Vehicle.

---

[2] Indeed, Defendant Ford has issued various technical bulletins to its Tracy Fords (not consumers) concerning the defective DSP6 transmissions.

**FIRST AMENDED COMPLAINT**

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

50.     Indeed, Plaintiff alleges that Defendant Ford knew that the Vehicle and its DPS6 transmission suffered from an inherent defect, was defective, would fail prematurely, and was not suitable for its intended use.

51.     Defendant Ford was under a duty to Plaintiff to disclose the defective nature of the Vehicle and its DPS6 transmission, its safety consequences and/or the associated repair costs because:

a.     Defendant Ford acquired its knowledge of the transmission defects and its potential consequences prior to Plaintiff acquiring the Vehicle, though sources not available to consumers such as Plaintiff, including but not limited to pre-production testing data, early consumer complaints about the transmission defects made directly to Defendant Ford and its network of Tracy Fords, aggregate warranty data compiled from Defendant Ford's network of Tracy Fords, testing conducted by Defendant Ford in response to these complaints, as well as warranty repair and part replacements data received by Defendant Ford from Defendant Ford's network of Tracy Fords, amongst other sources of internal information;

b.     Defendant Ford was in a superior position from various internal sources to know (or should have known) the true state of facts about the material defects contained in vehicles equipped with DPS6 transmission; and

c.     Plaintiff could not reasonably have been expected to learn or discover of the Vehicle's transmission defect and its potential consequences until well after Plaintiff purchased the Vehicle.

52.     In failing to disclose the defects in the Vehicle's DPS6 transmission, Defendant Ford has knowingly and intentionally concealed material facts and breached its duty not to do so.

**FIRST AMENDED COMPLAINT**

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

53.    The facts concealed or not disclosed by Defendant Ford to Plaintiff prior to and/or at the time of sale and thereafter are material in that a reasonable person would have considered them to be important in deciding whether or not to purchase/lease the Vehicle.    Had Plaintiff known that the Vehicle and its transmission were defective at the time of sale, they would not have purchased the Vehicle.

54.    Plaintiff is a reasonable consumer who did not expect his/her transmission to fail and not work properly.  Plaintiff further expects and assumes that Defendant Ford will not sell or lease vehicles with known material defects, including but not limited to those involving the vehicle's transmission and will disclose any such defect to its consumers before selling such vehicles.

55.    As a result of Defendant Ford's misconduct, Plaintiff has suffered and will continue to suffer actual damages.

## PRAYER

PLAINTIFF PRAYS for judgment against Defendant Ford and Defendant Tracy Ford as follows:

   a.  For Plaintiff's actual damages in an amount according to proof;

   b.  For restitution;

   c.  For a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code § 1794, subdivision (c) or (e);

   d.  For any consequential and incidental damages;

   e.  For costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code § 1794, subdivision (d);

   f.  For punitive damages;

   g.  For prejudgment interest at the legal rate; and

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

13

**FIRST AMENDED COMPLAINT**

1          h.  For such other relief as the Court may deem proper.

2

3                **<u>DEMAND FOR JURY TRIAL</u>**

4          Plaintiff hereby demands a jury trial on all causes of action asserted

5  herein.

6

7  Dated: October 31, 2017          STRATEGIC LEGAL PRACTICES, APC

8

9                     BY:    /s/:  Rowena Santos        .

10                           ROWENA SANTOS

                            Attorney for Plaintiff EVELYN
11                            REINPRECHT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

14

**FIRST AMENDED COMPLAINT**

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Los Angeles, California; my business address is Strategic Legal Practices, 1840 Century Park East, Suite 430, Los Angeles, CA 90067.

On the date below, I served a copy of the foregoing document entitled:

**FIRST AMENDED COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS**

on the interested parties in said case as follows:

**Served Electronically
Via the Court's CM/ECF System**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Los Angeles, California on October 31, 2017.

*/s/ Rowena Santos*
Rowena Santos
Attorney for Plaintiffs